991 F.2d 803
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jorge Ivan LAUREANO, Plaintiff-Appellant,
v.
A. GRAY, Correctional Officer; Janet Barbour,
Superintendent, Twin Rivers Correction, et al.,
Defendants-Appellees.
 No. 92-36549.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 15, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jorge Ivan Laureano, a Washington state prisoner, appeals pro se the district court's summary judgment in favor of defendant prison officials in his 42 U.S.C. § 1983 action. Laureano claims that the defendants violated his eighth amendment rights by using excessive force against him during a search. We have jurisdiction under 28 U.S.C. § 1291, and review de novo. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992). We affirm.
 
 
 3
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Taylor, 880 F.2d at 1045. Conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. Taylor, 880 F.2d at 1045.
 
 
 4
 Laureano suffers from a traumatic back injury caused by a gunshot wound; he wears a leg brace and uses a cane. He contends that prison officials maliciously slammed him against a wall during a strip search, thereby exacerbating his condition. This contention is without merit.
 
 
 5
 When an inmate claims that prison officials violated his eighth amendment rights by using excessive physical force, the relevant inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 112 S.Ct. 995, 999 (1992). Factors to be considered by the district court include the extent of the injury suffered by the inmate, the need for applying force, the relationship between the need to use force and the amount of force used, the threat perceived by prison officials, and any efforts made to temper the severity of the forceful response. Id. The case should go to a jury only if the evidence supports a reliable inference that prison officials wantonly inflicted pain. Whitley v. Albers, 475 U.S. 312, 322 (1986).
 
 
 6
 Here, prison officials were told by a confidential informant that Laureano and two others had been smoking marijuana in the exercise yard. The officials decided to strip search all three inmates for contraband. Laureano repeatedly refused to be searched, and attempted to leave the room where officials were detaining him. Laureano requested that he be allowed to urinate before being searched. Officials agreed to let him urinate in the staff bathroom. After Laureano urinated and removed his clothes for the search, he sat down on the toilet seat and flushed the toilet twice, despite being asked by defendant Gray to stop. As Laureano tried to flush the toilet a third time, Gray pulled him off the toilet seat and stood him up against the wall. No contraband was found in the ensuing search. Laureano complained of back pain after the search, and was sent to the hospital. No bruises or other injuries related to the search were found.
 
 
 7
 The force applied by Gray does not rise to the level prohibited by the eighth amendment. Laureano's actions were compatible with trying to destroy contraband. Because Laureano did not stop flushing the toilet when told by the guard to do so, Gray was required to physically lift Laureano off the toilet to prevent possible destruction of contraband. The level of force used by Gray in lifting Laureano and restraining him against the wall was appropriate, in light of Laureano's suspicious actions and attempt to circumvent the search. Because there is no evidence that prison officials acted maliciously or sadistically to cause harm, summary judgment in favor of the defendants was properly granted. See Hudson, 112 S.Ct. at 999; Celotex, 477 U.S. at 322.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3